**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on November 12, 2004)

| | | |
|---|---|---|
| **NEBRASKA PUBLIC POWER DISTRICT,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-116C |
| | ) | (Judge Sypolt) |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**APPENDIX TO PLAINTIFFS' RESPONSE TO THE COURT'S OCTOBER 14, 2004 ORDER TO SHOW CAUSE**

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Nebraska Public Power District

Of Counsel:

Jay E. Silberg
David J. Cynamon
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

November 12, 2004

# INDEX TO APPENDIX

Description — Page

Order Granting Motion For Leave To Intervene In Indiana Michigan Power Co. v. DOE, No. 95-1279 (D.C. Cir., filed on July 24, 1995) .......... 1

Docketing Of Petition For Review In Pub. Serv. Elec. & Gas Co. v. DOE, No. 95-1463 (D.C. Cir., docketed on September 7, 1995) .......... 2

Excerpt From Brief In Opposition For The Utility Respondents' to Petition For A Writ Of *Certiorari* in DOE v. Northern States Power Co., No. 98-384 .......... 3

Cover Page From Joint Petition For Review In Alabama Power Co. v. DOE, No. 00-16138 (11th Cir., filed on November 22, 2000) .......... 7

Excerpts From Respondent's Motion To Dismiss In Wisconsin Elec. Power Co. v. DOE, No. 99-1342 (D.C. Cir., filed on October 12, 1999) .......... 8

Excerpt Of Signature Page From Contract No. BE-CR01-83NE44397 Executed Between NPPD and DOE (June 24, 1983) .......... 15

Excerpt Of Signature Page From Contract No. BE-CR01-83NE44475 Executed Between NPPD and DOE (June 24, 1983) .......... 17

Document #: 1305472 v.1

UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

No. 95-1279

September Term, 1994

Indiana Michigan Power Company, Petitioner
v.
Department of Energy, et al., Respondents

United States Court of Appeals
For the District of Columbia Circuit
FILED JUL 24 1995

O R D E R

On consideration of the motion(s) for leave to intervene filed by the following parties:

Kansas Electric Power Cooperative, Inc.
-
Pacific Gas and Electric Company
,
Illinois Power Company
,
Northern States Power Company (Minnesota)
,
Boston Edison Company
,
Centerior Energy Corporation
,
Florida Power & Light Company
,
Kansas City Power & Light Company
,
Commonwealth Edison Company
,
Consolidated Edison Company of New York, Inc.
,
Florida Power Corporation
,
Kansas Gas and Electric Company
,
Wolf Creek Nuclear Operating Corporation
,
Portland General Electric Company

It is ORDERED that the aforesaid motion(s) is/are granted.

Circuit Rule 28(e) governs the filing of briefs by intervenors. A schedule for the filing of briefs will be established by a future order. That order will automatically provide briefing time only for intervenor(s) on the side of respondent. Any intervenor(s) on the side of petitioner(s) must so notify the Court, in writing, within ten days from the date of this order. Such notification must include a statement of issues to be raised by the intervenor. This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioner(s). Failure to submit notification could result in such an intervenor being denied leave to file a brief.

Intervenors are reminded that they must file a joint brief or certify to the Court why a separate brief is necessary. Intervenors attention is particularly directed to that portion of the rule describing "unacceptable" grounds for filing separate briefs. See also, D.C. Cir. Handbook at 46 (1987). Failure to comply with this rule could result in the imposition of sanctions. See

FOR THE COURT:

By: Lisa Nanches

UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

No. 95-1463

September Term, 1995

Public Service Electric & Gas Company, et al., Petitioners
v.
Department of Energy, Respondent

United States Court of Appeals
For the District of Columbia Circuit
FILED SEP 0 8 1995

This case was filed and docketed on 9/7/95. The Department of Energy is hereby notified that the attached is a true copy of the [X] petition for review, [ ] application for enforcement, [ ] cross-application for enforcement filed in the United States Court of Appeals for the District of Columbia Circuit, at Washington, D.C. in the above-entitled case.

IN TESTIMONY WHEREOF, I hereunto subscribe my name and affix the seal of said United States Court of Appeals for the District of Columbia Circuit, at Washington, D.C., September 8, 1995.

FOR THE COURT:
Mark J. Langer, Clerk

BY: Stephen Contee
Stephen H. Contee, Deputy Clerk

Form 26 (June 1992)

No. 98-384

IN THE

# Supreme Court of the United States

OCTOBER TERM, 1998

UNITED STATES OF AMERICA, ET AL.,
*Petitioners,*
v.

NORTHERN STATES POWER COMPANY, ET AL.,
*Respondents.*

**On Petition for a Writ of Certiorari to the United States Court of Appeals for the District of Columbia Circuit**

## BRIEF IN OPPOSITION FOR THE UTILITY RESPONDENTS

JAY E. SILBERG
*Counsel of Record*
DAVID J. CYNAMON
SETH B. WAXMAN
SHAW PITTMAN POTTS & TROWBRIDGE
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8063

*Of Counsel:*
JERRY STOUCK
ROBERT L. SHAPIRO
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
9th Floor
Washington, D.C. 20005

PETER BUSCEMI
MORGAN, LEWIS & BOCKIUS, LLP
1800 M Street, N.W.
Washington, D.C. 20036

TAMI LYN AZORSKY
MCKENNA & CUNEO, LLP
1900 K Street, N.W.
Washington, D.C. 20006

WILSON - EPES PRINTING CO., INC. - 789-0096 - WASHINGTON, D.C. 20001

## RULE 29.6 LISTING

Pursuant to Supreme Court Rule 29.6, respondents joining in this Brief in Opposition (hereafter "Utility Respondents") list their respective parent companies and nonwholly owned subsidiaries as follows:

1. Respondent Northern States Power Company has no parent or nonwholly owned subsidiaries.
2. The parent company of respondent Florida Power and Light Company ("FPL") is FPL Group, Inc. FPL has no nonwholly owned subsidiaries.
3. Respondent Duke Energy Corporation, formerly known as Duke Power Company has no parent and the following nonwholly owned subsidiaries: Flo Trend Systems, Inc. and TEPPCO Partners, L.P.
4. Respondent Vermont Yankee Nuclear Power Corporation has no parent or nonwholly owned subsidiaries.
5. Respondent Niagara Mohawk Power Corporation has no parent and one nonwholly owned subsidiary, Canadian Niagara Power Company, Ltd.
6. The parent company of respondents GPU Nuclear, Inc., Jersey Central Power & Light Company, Metropolitan Edison Company and Pennsylvania Electric Company is GPU, Inc. These respondents have no nonwholly owned subsidiaries.
7. The parent company of respondent Wisconsin Public Service Corporation is WPS Resources Corporation. Wisconsin Public Service Corporation has no nonwholly owned subsidiaries.

8. The parent company of respondent Union Electric Company, d/b/a AmerenUE, is Ameren Corporation. Union Electric Company has one nonwholly owned subsidiary, Electric Energy, Inc.

9. The parent company of respondent Detroit Edison Company is DTE Energy Company. Detroit Edison Company has no nonwholly owned subsidiaries.

10. The parent company of respondent Public Service Electric and Gas Company is Public Service Enterprise Group Incorporated. Public Service Electric and Gas Company has the following nonwholly owned subsidiaries: Enterprise Diversified Holdings Incorporated and PSE&G Fuel Corporation.

11. The parent company of respondent Florida Power Corporation is Florida Progress Corporation. Florida Power Corporation has one nonwholly owned subsidiary, Florida Capital Holdings, Inc.

12. The parent company of respondent Kansas Gas and Electric Company is Western Resources, Inc. Kansas Gas and Electric Company has no nonwholly owned subsidiaries.

13. Respondent Wolf Creek Nuclear Operating Corporation has no parent or nonwholly owned subsidiaries.

14. Respondent Kansas City Power & Light Company has no parent or nonwholly owned subsidiaries.

15. Respondent Kansas Electric Power Cooperative, Inc. has no parent or nonwholly owned subsidiaries.

Texas Utilities Electric Company has no nonwholly owned subsidiaries.

26. Respondent Carolina Power & Light Company has no parent or nonwholly owned subsidiaries.

27. The parent company of respondent Commonwealth Edison Company is Unicom Corporation. Commonwealth Edison Company has no nonwholly owned subsidiaries.

28. Respondent Boston Edison Company has no parent or nonwholly owned subsidiaries.

29. The parent company of respondent Southern Nuclear Operating Company is the Southern Company. Southern Nuclear Operating Company has no nonwholly owned subsidiaries.

30. The parent company of respondent Wisconsin Electric Power Company is Wisconsin Energy Corporation. Wisconsin Electric Power Company has no nonwholly owned subsidiaries.

31. Respondent Omaha Public Power District has no parent or nonwholly owned subsidiaries.

32. Respondent Nebraska Public Power District has no parent or nonwholly owned subsidiaries.

33. Respondent Washington Public Power Supply System has no parent or nonwholly owned subsidiaries.

34. The parent company of respondent South Carolina Electric & Gas Company is SCANA Corporation. South Carolina Electric & Gas Company has no nonwholly owned subsidiaries.

35. The parent company of respondent IES Utilities Inc. is Interstate Energy Corporation. IES Utilities Inc. has no nonwholly owned subsidiaries.

36. Respondent Central Iowa Power Cooperative has no parent or nonwholly owned subsidiaries.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
CLERK
NOV 22 2000
ATLANTA, GA.

ALABAMA POWER COMPANY
600 North 18th Street
Birmingham, Alabama 35291

CAROLINA POWER & LIGHT COMPANY
411 Fayetteville Street Mall
P.O. Box 1551
Raleigh, NC 27602

DUKE POWER, a Division of
DUKE ENERGY CORPORATION
422 South Church Street
Charlotte, NC 28242-0001

FLORIDA POWER AND LIGHT COMPANY
700 Universe Boulevard
Juno Beach, FL 33408-0420

GEORGIA POWER COMPANY
333 Piedmont Avenue, N.E.
Atlanta, Georgia 30308

NORTHERN STATES POWER COMPANY
414 Nicollet Mall
Minneapolis, MN 55401

SOUTHERN NUCLEAR OPERATING COMPANY
40 Inverness Center Parkway
Birmingham, Alabama 35242

TXU ELECTRIC COMPANY
1601 Bryan Street
Dallas, TX 75201-3411

Joint Petitioners,

v.

UNITED STATES DEPARTMENT
OF ENERGY
1000 Independence Avenue, S.W.
Washington, D.C. 20585

and

THE UNITED STATES OF AMERICA

Respondents.

Case Number: ____________

## JOINT PETITION FOR REVIEW

ORIGINAL

UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 12 1999
RECEIVED

UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 12 1999
CLERK

Copy

ORIGINAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 99-1342

---

WISCONSIN ELECTRIC POWER COMPANY,

Petitioner,

v.

UNITED STATES DEPARTMENT OF ENERGY, ET AL.,

Respondents.

---

RESPONDENTS' MOTION TO DISMISS

---

STATEMENT

Petitioner Wisconsin Electric Power Company ("WEPCO" or "petitioner") is a utility company that owns and operates the Point Beach nuclear power plant in Wisconsin. WEPCO is also a party to a spent fuel disposal contract based on the Department of Energy's (DOE's) Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (10 C.F.R. Part 961) ("Standard Contract"), entered into pursuant to Section 302 of the Nuclear Waste Policy Act

its spent fuel, explaining that the mandate could not extend to requiring DOE to perform under the Standard Contract because Section 302(a)(5)(B) itself did not require DOE to perform the obligation created thereby. Ibid. Rather, the statutory obligation was "to include an unconditional obligation in the Standard Contract" (ibid.).

## ARGUMENT

A. The petition for review should be dismissed because WEPCO has failed to exhaust its administrative remedies under the contract as directed by this Court in *Northern States*. – WEPCO's petition for review seeks relief under the contract. WEPCO is barred from pursuing such remedies, however, until it has exhausted the administrative process established by the contract for obtaining relief. In a ruling that is binding on WEPCO, this Court in Northern States held that holders of spent fuel disposal contracts have a potentially adequate remedy under the Delays Clause of Article IX.B of the contract. 128 F.3d at 759. The Court further declared that it had "remitted the utilities to their remedies under the Standard Contract" (Ex. 3, p. 2), holding that until DOE has made a determination on requests for administrative relief, issues on the appropriate relief under the contract are "not ripe for review" (ibid.).

The Standard Contract prescribes the manner in which contract holders must pursue administrative relief. The Delays Clause in Article IX states that in the case of avoidable delay, "the charges and schedules specified by this contract will be equitably adjusted to reflect any estimated additional costs incurred by the party not responsible for or contributing to the delay" (10 C.F.R. 961.11, Art. IX.B). This provision describes the type of relief that could be made available.

Article XVI, the Disputes Clause, prescribes the process by which requests for relief under the contract will be resolved. Under ¶ A, any factual dispute not disposed of by agreement will be resolved by the Contracting Officer, whose decision may be appealed to the Board of Contract Appeals (10 C.F.R. 961.11, Art. XVI.A). Under ¶ B, if the amount involved exceeds $50,000, the contract holder must provide a certification that the claim is made in good faith, that the supporting data are accurate and complete, and that the "amount requested accurately reflects the contract adjustment for which the [contract holder] believes the Government is liable" (10 C.F.R. 961.11, Art. XVI.B). And ¶ C prescribes time limits for processing claims depending on whether the amount requested exceeds $50,000 (10 C.F.R. 961.11, Art. XVI.C). As this Court noted in Northern States, these provisions of the Standard Contract "provide a scheme for dealing with delayed performance." 128 F.3d at 759.

WEPCO, however, has not pursued the process prescribed in the contract. Instead, petitioner has initiated an informal process, not yet concluded, for a negotiated resolution of its claim without further proceedings. WEPCO did so by submitting to the Contracting Officer its Proposed Bilateral Modification and Request for Equitable Adjustment on August 21, 1998. In that document, WEPCO requested from DOE various forms of nonmonetary and monetary relief due to the delay in performance of DOE's disposal obligation (Ex. 1).

The document states, however, that "[t]his proposal is submitted for negotiation purposes only" (Ex. 1, p. 23). Since submission of that request, WEPCO and DOE have met on several occasions to discuss the proposal. Those discussions remain active and have not concluded (Declaration of David K Zabransky, attached as Exhibit 4). In addition, WEPCO's request includes claims for reimbursement of its costs that are allegedly attributable to DOE's delay (Ex. 1, pp. vi, 22). The amount claimed, more than $26,000,000, by itself is well in excess of the contract's $50,000 threshold for the required certification of a claim for adjustment. See 10 C.F.R. 961.11, Art. XVI.C. WEPCO's submission, however, does not provide the required certification necessary to begin the formal contract process for finally resolving its request (Ex. 1).

It is plain, therefore, that WEPCO's attempt to obtain judicial relief at this juncture is an impermissible end run around the contract remedy process to which the Court has previously remitted WEPCO. Moreover, it is WEPCO's own failure to perfect its administrative claim with a certification that prevents an administrative determination under the contract of the claim. Under settled case law construing a contract disputes clause such as this one, the parties to the contract must first exhaust the administrative remedies provided under the disputes clause before seeking judicial relief.

> With respect to claims arising under the typical government contract, the contractor has agreed in effect to convert what otherwise might be claims for breach of contract into claims for equitable adjustment. * * * [W]hether and to what extent an adjustment is required are questions to be answered by the methods provided in the contract itself.
>
> * * * * *
>
> <u>It is now crystal clear that the contractor must seek the relief provided for under the contract or be barred from any relief in the courts</u>.

<u>Crown Coat Front Co., Inc. v. United States</u>, 386 U.S. 503, 511-512 (1967) (emphasis supplied). See <u>United States v. Anthony Grace & Sons, Inc.</u>, 384 U.S. 424, 428-433 (1966); <u>United States v. Utah Construction & Mining Co.</u>, 384 U.S. 394, 401-412 (1966); <u>Bethlehem Steel Corporation v. Grace Line, Inc.</u>, 416 F.2d 1096, 1105-1106 (D.C. Cir. 1969). This Court's mandate in <u>Northern States</u>

Because petitioner's claims seek a remedy for a failure of DOE to provide the relief WEPCO has requested, subsection (B) would provide the only basis for jurisdiction over Claim I of the petition.[3]

Count I first asserts a violation of DOE's statutory obligations under the NWPA, without identifying the specific provision of the statute alleged to have been violated (Pet at ¶¶ 31-37). Petitioner asserts only (¶ 32) that the "NWPA establishes an unconditional duty for DOE to begin disposing of Petitioner's [spent nuclear fuel] no later than January 31, 1998," which can only reasonably be construed as a reference to Section 302(a)(5)(B), 42 U.S.C. 10222(a)(5)(B), the provision construed in Indiana Michigan and Northern States. As noted above, however, this Court in its decision and orders in Northern States has ruled that Section 119(a)(1)(B) does not provide jurisdiction in this Court for a claim seeking to enforce DOE's obligation to begin spent fuel disposal (Order dated May 5, 1998, p. 3):

---

[3] If Section 119(a)(1)(A)'s provision for jurisdiction to review final decisions or actions of DOE were invoked, the petition for review would have to be dismissed for lack of finality. For the reasons stated previously, WEPCO has not taken the action necessary to have its claim determined by the Contracting Officer, and consequently there is no final action or decision on the claim that can be reviewed. See FTC v. Standard Oil Co., 449 U.S. 232, 242 (1980); DRG Funding Corp. v. Secretary of HUD, 76 F.3d 1212, 1214-1216 (D.C. Cir. 1996).

> Breach by the DOE does not violate a statutory duty, thus, our jurisdiction to hear allegations of failure to take an action required under the NWPA, see 42 U.S.C. § 10139(a)(1)(B), does not provide a basis for a move-fuel order.

Under the doctrine of issue preclusion, WEPCO, as a party to the judgment in Northern States, is bound by that ruling. See Yamaha Corp. of America v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Securities Industries Ass'n v. Board of Governors, 900 F.2d 360, 363-364 (D.C. Cir. 1990); Restatement 2d, Judgments, §§ 17, 19, 27.

Even if the Court's prior ruling were open to reconsideration, that determination is manifestly correct. Section 302(a)(5)(B), 42 U.S.C. 10222(a)(5)(B), only requires DOE to undertake such an obligation in its contracts with the utilities, and DOE has fully satisfied that statutory directive. Because Section 302(a)(5)(B) does not further require performance, Section 119(a)(1)(B) does not authorize actions to enforce that deadline.

The remainder of Count I asserts that WEPCO and DOE have a contract for disposal of spent fuel and that under the contract WEPCO has a right to the relief it has requested from DOE. Section 119, however, does not provide jurisdiction to enforce rights under the contract. That provision does not waive the sovereign immunity of the United States. See General Electric Uranium, 764 F.2d 896, 900-

U.S. DEPARTMENT OF ENERGY CONTRACT NO. BE-CR01-83NE44397

CONTRACT FOR DISPOSAL OF SPENT NUCLEAR FUEL AND/OR HIGH-LEVEL

From Ref. 374

RADIOACTIVE WASTE.

THIS CONTRACT, entered into this 24th day of June 19 83, by and between the UNITED STATES OF AMERICA (hereinafter referred to as the "Government"), represented by the UNITED STATES DEPARTMENT OF ENERGY (hereafter referred to as "DOE") and NEBRASKA PUBLIC POWER DISTRICT (hereinafter referred to as the "Purchaser"), a public corporation and political subdivision organized and existing under the laws of the State of Nebraska.

RECORD SERIES: REC-1302
DESTROY RECORD ON: /IND/
(to be confirmed)
VITAL RECORD: YES NO
BY: [signature]
NUCLEAR FUELS DEPT. PROC 00.15

WITNESSETH THAT:

WHEREAS, the DOE has the responsibility for the disposal of spent nuclear fuel and high-level radioactive waste of domestic origin from civilian nuclear power reactors in order to protect the public health and safety, and the environment; and

WHEREAS, the DOE has the responsibility, following commencement of operation of a repository, to take title to the spent nuclear fuel or high-level radioactive waste involved as expeditiously as practicable upon the request of the generator or owner of such waste or spent nuclear fuel; and

WHEREAS, all costs associated with the preparation, transportation, and the disposal of spent nuclear fuel and high-level radioactive waste from civilian nuclear power reactors shall be borne by the owners and generators of such fuel and waste; and

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the day and year first above written.

UNITED STATES OF AMERICA

UNITED STATES DEPARTMENT OF ENERGY

BY: [signature]
(Contracting Officer)
[illegible]

WITNESSES AS TO EXECUTION ON BEHALF OF PURCHASER

[signature]
(Name)

P.O. Box 499
Columbus NE 68601
(Address)

[signature]
(Name)

P.O. Box 499, Columbus, NE 68601
(Address)

NEBRASKA PUBLIC POWER DISTRICT

By: [signature]

Title: [illegible]

I, [signature], certify that I am the [illegible] of the corporation named as Purchaser herein; that [signature] who signed this document on behalf of the Purchaser was then [illegible] of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

IN WITNESS WHEREOF, I have hereunto affixed my hand and the seal of said corporation this 24th day of June, 1983.

(Corporate Seal)

[signature]
(Signature)

U.S. DEPARTMENT OF ENERGY CONTRACT NO. DE-CR01-83NE44475

CONTRACT FOR DISPOSAL OF SPENT NUCLEAR FUEL AND/OR HIGH-LEVEL

RADIOACTIVE WASTE.

THIS CONTRACT, entered into this 24th day of June 19 83, by and between the UNITED STATES OF AMERICA (hereinafter referred to as the "Government"), represented by the UNITED STATES DEPARTMENT OF ENERGY (hereafter referred to as "DOE") and NEBRASKA PUBLIC POWER DISTRICT (hereinafter referred to as the "Purchaser"), a public corporation and political subdivision organized and existing under the laws of the State of Nebraska.

WITNESSETH THAT:

WHEREAS, the DOE has the responsibility for the disposal of spent nuclear fuel and high-level radioactive waste of domestic origin from civilian nuclear power reactors in order to protect the public health and safety, and the environment; and

WHEREAS, the DOE has the responsibility, following commencement of operation of a repository, to take title to the spent nuclear fuel or high-level radioactive waste involved as expeditiously as practicable upon the request of the generator or owner of such waste or spent nuclear fuel; and

WHEREAS, all costs associated with the preparation, transportation, and the disposal of spent nuclear fuel and high-level radioactive waste from civilian nuclear power reactors shall be borne by the owners and generators of such fuel and waste; and

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the day and year first above written.

UNITED STATES OF AMERICA

UNITED STATES DEPARTMENT OF ENERGY

BY: Jan L. Atkinson
(Contracting Officer)
Jan L Atkinson

WITNESSES AS TO EXECUTION ON BEHALF OF PURCHASER

Florence M. Kolm
(Name)

P.O. Box 499
Columbus Ne 68601
(Address)

John C. McClure
(Name)

P.O. Box 499, Columbus NE 68601
(Address)

NEBRASKA PUBLIC POWER DISTRICT

By: Don E. Schaufelberger

Title: GENERAL MANAGER

I, Janet McQuistan, certify that I am the Asst. Board Secretary of the corporation named as Purchaser herein; that Don E. Schaufelberger who signed this document on behalf of the Purchaser was then General Manager of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

IN WITNESS WHEREOF, I have hereunto affixed my hand and the seal of said corporation this 24th day of June, 1983.

(Corporate Seal)

Janet McQuistan
(Signature)



EL 03601