IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NEBRASKA PUBLIC POWER DISTRICT, )
)
Plaintiff, )
)
v. ) No. 01-116C
) (Judge Allegra)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to this Court's order dated February 11, 2005, defendant, the United States, respectfully responds to plaintiff's motion for reconsideration of the Court's prior order dated January 31, 2005.

## DISCUSSION

### I. WITH ALL DUE RESPECT, WE AGREE WITH THE PLAINTIFF THAT THE TRIAL COURT'S JURISDICTIONAL ANALYSIS IN ITS JANUARY 31, 2005 ORDER IS INCORRECT

In its January 31, 2005 order, the Court found that, pursuant to section 119 of the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. § 10139, the United States Court of Appeals for the District of Columbia Circuit, rather than this Court, possesses original and exclusive jurisdiction to entertain plaintiff's contract claims. In response to the Court's October 14, 2004 show cause order, in which the Court had indicated its preliminary views regarding this Court's jurisdiction, we agreed with this Court and the United States Court of Appeals for the District of Columbia Circuit that the jurisdictional provisions of section 119 of the NWPA apply to actions or inactions by the Secretary of Energy arising under section 302 of the NWPA, the section of the NWPA that authorized the Secretary to enter into the Standard Contract and to collect fees for

the disposal of spent nuclear fuel ("SNF"). See, e.g., Wisconsin Elec. Power Co. v. Department of Energy, 778 F.2d 1, 2-3 (D.C. Cir. 1985) (finding that section 119 of the NWPA provides the United States courts of appeals with original and exclusive jurisdiction to entertain challenges to action or inaction arising under section 302 of the NWPA); General Elec. Uranium Mgt. Corp. v. United States Dep't of Energy, 764 F.2d 896, 901-02 (D.C. Cir. 1985) (same). We also agreed with the Court that, because section 302(a)(5) of the NWPA mandates that the Secretary enter into contracts with the owners and generators of SNF and mandates that certain terms be included in those contracts, see 42 U.S.C. § 10222(a)(5), challenges to the terms of the contracts themselves (and challenges to the absence of specific terms that nuclear utilities might have wanted to include in the contracts) had to be presented to a United States circuit court of appeals within 180 days of the promulgation of those terms, as mandated by the statute of limitations contained within section 119. See 42 U.S.C. § 10139(c) (establishing statute of limitations for review of NWPA actions). Further, we agreed that current challenges to actual terms of the Standard Contract – and nuclear utility plaintiffs' attempts to add terms to the Standard Contract long after the contract's promulgation – are wholly untimely and inappropriate.

However, as we explained to the Court in response to its October 14, 2004 show cause order, we had no basis for departing from the Solicitor General's prior analyses, presented in his opposition to a petition for certiorari in Consolidated Edison Co. of New York v. Department of Energy, No. 98-1358 (D.C. Cir. Apr. 16, 1999), cert. denied, 529 U.S. 1003 (Mar. 6, 2000), and in his petition for certiorari in Northern States Power Company v. United States, 128 F.3d 754

(D.C. Cir. 1997), cert. denied, 525 U.S. 1016 (Nov. 30, 1998).[1] Prior to submitting those pleadings, the Solicitor General had determined that challenges to the Secretary's failure to act in accordance with the express terms of the promulgated and executed contracts were not reviewable under the NWPA, but, instead, were properly presented to this Court under the Tucker Act.

Since that time, we have not identified any basis for altering our prior position regarding the jurisdiction of this Court, as opposed to the jurisdiction of the United States courts of appeals, to consider these matters. Although we do not agree with the plaintiff that the United States Court of Appeals for the Federal Circuit has already resolved this jurisdictional issue by implication in its decisions in Maine Yankee, Northern States, and Roedler – given that the appellate court was not presented with and did not consider the issue now presented – we agree with the plaintiff that this Court, rather than the United States courts of appeals, possesses jurisdiction to entertain these contract claims. Accordingly, with all due respect, we agree with the plaintiff here that this Court's analysis of the jurisdictional issues in its January 31, 2005 order is in error.

## II. ALTHOUGH WE DO NOT OPPOSE THE SUBSTANCE OF PLAINTIFF'S MOTION FOR RECONSIDERATION, IT MIGHT BE BENEFICIAL TO OBTAIN FINAL RESOLUTION OF THIS JURISDICTIONAL ISSUE FROM THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In response to the Court's request that we provide our views regarding whether the Court should vacate its January 31, 2005 order, we have no basis, in light of our agreement that this Court possesses jurisdiction to entertain plaintiff's contract claims, for opposing the substantive

[1] The relevant portions of these pleadings were attached to our response to the Court's show cause order.

basis of plaintiff's request. By order dated March 3, 2005, Judge Wiese, in Duke Power v. United States, No. 98-485C (Fed. Cl.), one of the four cases in which Judge Sypolt's January 31, 2005 order regarding jurisdiction was issued, vacated that January 31, 2005 order.

Nevertheless, we recognize the benefits that final resolution by the United States Court of Appeals for the Federal Circuit of the jurisdictional issues raised by the Court's January 31, 2005 order would provide not only in this case, but in all of the spent nuclear fuel cases pending before this Court. As the Court may be aware, the plaintiff in this case and the plaintiffs in the three other cases to which this Court's January 31, 2005 order is applicable recently filed with the Federal Circuit a petition for permission to appeal this Court's January 31, 2005 order on an interlocutory basis. Although, given our agreement with the plaintiff that this Court possesses jurisdiction to entertain this case, we have no substantive basis for opposing plaintiff's request that the Court vacate its January 31, 2005 order, we also would not oppose a decision by the Court to allow for appellate review of that decision to eliminate the possibility that, after significant additional resources have been expended in these cases, the appellate court might later raise this jurisdictional issue in a manner contrary to the positions that the parties are now presenting. At the present time, there are already numerous issues pending before this Court in various SNF cases that would benefit from the finality and uniformity in resolution that review by the Federal Circuit would provide. Although we respectfully disagree with the ultimate jurisdictional finding in this Court's January 31, 2005 order, we believe that, because the jurisdictional issues raised by the Court's January 31, 2005 order are present in every SNF case pending before this Court, the type of finality that review by the Federal Circuit would provide regarding those issues would be helpful to the Court and to all of the SNF parties.

## III. EVEN THOUGH WE AGREE THAT THIS COURT POSSESSES JURISDICTION TO ENTERTAIN PLAINTIFF'S CONTRACT CLAIMS, WE BELIEVE THAT THE D.C. CIRCUIT OVERSTEPPED ITS JURISDICTION IN RULING UPON THE SCOPE OF THE "UNAVOIDABLE DELAYS" CLAUSE IN THE STANDARD CONTRACT

Appellate review of the jurisdictional issues surrounding the SNF cases could also potentially resolve any issues relating to the scope of this Court's jurisdiction as compared with the original and exclusive jurisdiction of the United States courts of appeals. Based upon our understanding of the Court's jurisdiction, and as we explained in our response to the Court's show cause order, we believe that this Court properly possesses jurisdiction to revisit an issue that the plaintiffs believe was conclusively resolved in Northern States Power Co. v. Department of Energy, 128 F.3d 754 (D.C. Cir. 1997). As we explained in our show cause order response, the Government consistently has taken the position that the Court of Federal Claims has the exclusive jurisdiction to resolve issues concerning the construction and administration of the Standard Contract. As we established in that response, the United States courts of appeals do not possess jurisdiction under section 119 of the NWPA to review performance-related matters arising under the Standard Contract. Yet, in Northern States, the United States Court of Appeals for the District of Columbia Circuit expressly asserted jurisdiction to interpret and rule upon the "unavoidable delays" clause contained in the Standard Contract and to determine whether the delay at issue in these cases is encompassed within that contract provision. The D.C. Circuit then purported to bar the Department of Energy from asserting any interpretation of the "unavoidable delays" clause that would excuse its delay based upon that contract clause. Because the D.C. Circuit lacked jurisdiction to resolve that issue, the Government should not be barred from revisiting that issue in this Court. See Christopher Village, L.P. v. United States,

360 F.3d 1319, 1329-30 (Fed. Cir. 2004), cert. denied, No. 04-517, 2005 WL 405783 (U.S. Feb. 22, 2005). It is for this very reason that this Court can, and should, notwithstanding the United States Court of Appeals for the District of Columbia Circuit's decision in Northern States Power, resolve the issue of whether DOE may properly invoke the "unavoidable delay" provision of the Standard Contract. To the extent that the Court vacates its January 31, 2005 order, we respectfully request that the Court, as part of its jurisdictional ruling, order that the Government may present evidence and argument to establish that the Government's delay was caused by an "unavoidable delay" within the meaning of the Standard Contract's "Unavoidable Delays" clause.

Recently, another judge of the Court of Federal Claims issued a decision criticizing the January 31, 2005 decision of this Court and, further, implicitly provided another basis for this Court's ability to question the D.C. Circuit's decision in Northern States. In Boston Edison Co. v. United States, No. 99-447C, 2005 WL 375603 (Fed. Cl. Feb. 15, 2005), Judge Lettow "disagree[d] with both the rationale and result in *Florida Power* and conclude[d] that [the court] has jurisdiction" to entertain claims arising from contracts entered pursuant to the NWPA. Id. at *5. As part of his analysis, he found that "[j]urisdiction over actions taken under Title III [of the NWPA]," including those under section 302 of the NWPA, "is not affected at all by Section 119." Id. at *9-*10. This decision is directly contrary to the prior opinions of the D.C. Circuit, which has expressly held that the jurisdictional provisions of section 119 vesting original and exclusive jurisdiction in the United States courts of appeals affirmatively encompass activities under Title III of the NWPA, including section 302. See Wisconsin Elec., 778 F.2d at 2-3; General Elec. Uranium, 764 F.2d at 901-02. Jurisdiction for the D.C. Circuit's decisions in Indiana Michigan Power Co. v. Department of Energy, 88 F.3d 1272 (D.C. Cir. 1996), and

Northern States, as well as the United States Court of Appeals for the Eleventh Circuit's decision in Alabama Power Co. v. United States Department of Energy, 307 F.3d 1300 (11th Cir. 2002) – decisions upon which the plaintiffs are relying as precedent in these cases – was premised upon section 119's grant of original and exclusive jurisdiction to the United States courts of appeals to review issues arising out of Title III of the NWPA. Although, in its motion for reconsideration, the plaintiff asserts that the D.C. Circuit's decisions in Indiana Michigan and Northern States are res judicata in this case, Pl. Mtn. at 12, the D.C. Circuit would have lacked jurisdiction to entertain any of the issues in those cases under the Court's rationale in Boston Edison. Under that rationale, and for the reasons established in our response to the Court's prior show cause order, this Court would be entitled to revisit the issues decided in those cases. Christopher Village, 360 F.3d at 1329-30.[2] Again, to the extent that the Court vacates its January 31, 2005 order, we respectfully request that the Court, as part of its jurisdictional ruling, order that the Government may present evidence and argument to establish that the Government's delay was caused by an "unavoidable delay" within the meaning of the Standard Contract's "Unavoidable Delays" clause.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[2] We disagree with the Court's finding in Boston Edison that section 119 does not apply to any decisions arising under Title III. However, assuming that the Court here adopts that finding, it would provide another basis for this Court's review of the matters addressed in the D.C. Circuit's decision in Northern States.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 14, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 14th day of March, 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Heide L. Herrmann