# In The United States Court of Federal Claims

No. 01-116C

(Filed: March 30, 2005)

NEBRASKA PUBLIC POWER DISTRICT,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

The Department of the Energy and plaintiff entered into a Standard Contract, pursuant to the Nuclear Waste Policy Act of 1982, as amended, 42 U.S.C. §§ 10101 et seq. ("NWPA), under which plaintiff paid and continues to pay fees in return for defendant's obligation to remove and dispose of spent nuclear fuel ("SNF") beginning no later than January 31, 1998. Defendant acknowledges that it did not remove and dispose of SNF. On March 2, 2001, plaintiff initiated this action, alleging three counts: (i) partial breach of the standard contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) a taking without just compensation.

On October 14, 2004, Judge Diane G. Sypolt issued an order to show cause as to why this complaint should not be dismissed for lack of jurisdiction. This order examined whether section 119 of the NWPA vests exclusive and original jurisdiction in the D.C. Circuit for claims relating to the Standard Contract. In their response, plaintiff and defendant both argued that these claims were properly before this court under its Tucker Act jurisdiction. Yet on January 31, 2005, Judge Sypolt issued an opinion dismissing the breach of contract claims, certifying her opinion to the Federal Circuit pursuant to 28 U.S.C. § 1292(c)(1), and staying plaintiff's remaining claims.

On February 2, 2005, this case was reassigned to the present judge, and on February 10, 2005, plaintiff filed a motion to reconsider the January 31, 2005, opinion. In its motion, plaintiff asserted that the previous opinion was manifestly erroneous, as a matter of law. On March 14, 2005, defendant filed a response, generally agreeing with plaintiff, but asserting a preference that the Federal Circuit decide this issue pursuant to an interlocutory appeal.

This court may grant a motion to reconsider under RCFC 59(a)(1) only in "extraordinary circumstances," and such showing must be based on "manifest error of law, or mistake of fact."

*Fru-Con Const. Corp. v. United States*, 44 Fed. Cl. 298, 300-01 (1999); RCFC 59(a)(1). In the court's view, the analysis in the well-reasoned opinions and orders issued by Judges Charles F. Lettow and John P. Weise properly explicate why Judge Sypolt's determination that this court lacked jurisdiction was a manifest error of law. *See Boston Edison Co. v. United States*, 2005 WL 375603 (Fed. Cl. 2005); *Duke Power v. United States*, Fed. Cl. No. 98-485C (March 3, 2005). For the reasons outlined in those opinions and orders, this court **GRANTS** plaintiff's motion for reconsideration, and **VACATES** the opinion and order entered by Judge Sypolt on January 31, 2005.[1]

At first opportunity, the court will schedule a status conference to determine how this case should proceed.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[1] In its response to plaintiff's motion for reconsideration, defendant also argued that the D.C. Circuit was acting outside of its jurisdiction, when it held that defendant could not invoke the "unavoidable delays" clause in the Standard Contract to excuse its delay in performance. *See Northern States Power Co. v. Dept. of Energy*, 128 F.3d 754, 760-61 (D.C. Cir. 1997), *cert. denied*, 525 U.S. 1015 (1998), and *cert. denied*, 525 U.S. 1016 (1998). Defendant asserts that this holding does not have *res judicata* affect (*see Christopher Village, L.P. v. United States*, 360 F.3d 1319, 1329-30 (Fed. Cir. 2004), *cert. denied*, 125 S. Ct. 1296 (2005)), and therefore asked that this court order that defendant may present evidence and argument that its delay was caused by an "unavoidable delay." The court will explore this issue at a later date.