IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NEBRASKA PUBLIC POWER DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01-116C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE "UNAVOIDABLE DELAYS" CLAUSE

Pursuant to this Court's order dated June 21, 2005, defendant, the United States, respectfully submits this reply brief, limited to the issue of the "unavoidable delays" clause in the Standard Contract.

DISCUSSION

As we explained in our supplemental brief in response to the Court's June 21, 2005 order, we have determined that we are currently prohibited from relying upon the Standard Contract's "Unavoidable Delays" clause in this particular case. Specifically, the United States Court of Appeals for the District of Columbia Circuit in Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997), cert. denied, 525 U.S. 1015 & 1016 (1998), the court granted the petitions for mandamus in part by ordering the Department of Energy ("DOE") to

> proceed with contractual remedies in a manner consistent with the [Nuclear Waste Policy Act's] command that it undertake an unconditional obligation to begin disposal of [spent nuclear fuel] by January 31, 1998. More specifically, we preclude DOE from concluding that its delay is unavoidable on the ground that it has not yet prepared a permanent repository or that it has no authority to provide storage in the interim.

> This necessarily means, of course, that DOE not implement any interpretation of the Standard Contract that excuses its failure to perform on the grounds of "acts of Government in either its sovereign or contractual capacity."

Northern States, 128 F.3d at 760. Further, the D.C. Circuit issued a writ of mandamus "precluding DOE from excusing its own delay" in the acceptance of contract holders' spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") by relying on the "Unavoidable Delays" clause "on the grounds that it has not yet prepared a permanent repository or interim storage facility." Id. at 761. Further, the D.C. Circuit stated that it "retain[ed] jurisdiction over this case pending compliance with the mandate issued herewith." Id.

Although the plaintiff in this case, Nebraska Public Power District ("NPPD"), agrees that the Government is currently precluded from asserting any argument excusing its delay pursuant to the "Unavoidable Delays" clause because of the writ of mandamus in Northern States, it then immediately asserts arguments that undercut the jurisdictional foundation for the Northern States writ of mandamus. Specifically, in response to our request that the Court reconsider its March 30, 2005 jurisdictional ruling in this case, in which the Court found that the judicial review provision of the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. § 10139, does not encompass matters arising under Title III of the NWPA, NPPD argued that the Court's jurisdictional analysis in this case is correct. Yet, it completely failed to acknowledge that the D.C. Circuit's exercise of jurisdiction in Northern States and in Indiana Michigan Power Co. v. Department of Energy, 88 F.3d 1272 (D.C. Cir. 1996), is wholly dependent upon a directly contrary jurisdictional analysis. Although NPPD fails to address this matter in its brief, if this Court's jurisdictional analysis in this case is correct, it means that the D.C. Circuit lacked jurisdiction to

issue the writ of mandamus at issue here or to consider any challenges to DOE's failure or inability to meet the January 31, 1998 acceptance deadline contained in Title III of the NWPA.

As we explained in our motion for reconsideration, the January 31, 1998 deadline for DOE to begin acceptance of SNF and/or HLW is contained in a section of Title III of the NWPA, see 42 U.S.C. § 10222(a)(5)(B), and is not identified in any portion of Titles I or II of the NWPA. Accordingly, for the D.C. Circuit to exercise its original and exclusive jurisdiction to consider any arguments relating to the January 31, 1998 acceptance date, as it did in both Indiana Michigan and Northern States, the NWPA's judicial review provision, 42 U.S.C. § 10139, must encompass matters arising under Title III of the NWPA. If this Court is correct that section 10139 does not provide the United States courts of appeals with original and exclusive jurisdiction to review final actions, inactions, and decisions regarding matters arising under Title III of the NWPA, serious questions would exist about the propriety of the existing Northern States writ of mandamus, the current bar to the Government's ability to argue about the applicability of the "Unavoidable Delays" clause, and the plaintiff's inconsistent jurisdictional arguments to this Court and to the United States Court of Appeals for the D.C. Circuit.

Again, as we explained in our July 8, 2005 supplemental brief, we agree with NPPD that this Court possesses jurisdiction to entertain this contract case. However, because the bar to the Government's ability to argue the "Unavoidable Delays" clause in this case is dependent upon the D.C. Circuit's writ of mandamus, it is essential that this Court reconsider its prior jurisdictional ruling in an effort to attempt to define the jurisdictional interrelationship between this Court and the D.C. Circuit. For the reasons explained in our July 8, 2005 supplemental brief, this Court's jurisdiction cannot invade or overlap with the original and exclusive

jurisdiction that section 10139 of title 42, United States Code, provides the United States courts of appeals to entertain matters arising under Title III of the NWPA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Heide L. Herrmann
HEIDE L. HERRMAN
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 307-2503

August 26, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE 'UNAVOIDABLE DELAYS' CLAUSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.