IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NEBRASKA PUBLIC POWER DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-116C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant an additional enlargement of the time within which defendant must submit its briefing on whether the mandamus issued by the United States Court of Appeals for the District of Columbia Circuit is binding in this proceeding, as requested by order dated October 14, 2005, by an additional eight days, to and including December 23, 2005. The Government's briefing is currently due today, December 15, 2005. We were previously granted two enlargement of time for this purpose totaling 31 days. Counsel for plaintiff's representative, Daniel Herzfeld, has represented that plaintiff, Nebraska Public Power District ("NPPD"), does not oppose this motion.

This Court previously granted the Government an enlargement of the time within which to submit its brief based upon the briefing schedule in PSEG Nuclear, LLC v. United States, No. 05-5162 (Fed. Cir.), which called for the Government's brief to be submitted this week. However, this morning, counsel for defendant was informed that the individuals who must review and approve the Government's positions in our initial brief to the United States Court of Appeals for the Federal Circuit in PSEG Nuclear need additional time to conduct their review

and analysis. In part, this enlargement is necessary because the individual who must provide direct authorization to counsel for defendant to file the Government's brief is out of the office today as a result of illness and cannot provide final approval of the brief. However, counsel for defendant has also been informed that, because of the significant potential effect of the jurisdictional issue in this case, it has been determined necessary to further ensure that the positions that we take here are both consistent with the positions that the Government has taken in numerous other courts, including the United States Courts of Appeals for the District of Columbia, Sixth, and Eleventh Circuits and the Court of Federal Claims, and supported by the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270. Although it is possible that we may be able to file our brief prior to the conclusion of the eight-day period requested here, counsel for defendant has been asked to seek an enlargement sufficient to ensure that all appropriate individuals have an adequate opportunity to complete their own analyses of this issue.

As the Court is aware, the jurisdictional issue in this case is significant and relates to the Court of Federal Claims' ability to entertain any of the 59 breach of contract actions currently pending before the Court of Federal Claims arising from contracts entered pursuant to authority granted by the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. §§ 10101-10270. Those contracts required the Department of Energy ("DOE") to accept and dispose of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") from the owners and generators of that waste, beginning by January 31, 1998, and DOE's inability to begin SNF acceptance by that date forms the basis of this and 58 other cases currently pending in the Court of Federal Claims. The trial court dismissed the plaintiffs' contract-based claims in this case, finding that, under the judicial review provision of the NWPA, jurisdiction to review those claims rests in the United

States Court of Appeals for the District of Columbia Circuit. Resolution of the jurisdictional issue here will affect all of the 59 cases currently pending in the Court of Federal Claims in which breaches of the standardized contracts entered pursuant to the authority granted by the NWPA are alleged.

With the trial court's opinion on appeal in this case, there are at least three, if not more, different judicial interpretations of the scope of the judicial review provision in the NWPA, each of which, if correct, would affect the Court of Federal Claims' jurisdiction to entertain the spent nuclear fuel plaintiffs' claims. The D.C. Circuit issued a decision more than 20 years ago interpreting the judicial review provision in the NWPA in a particular manner, and the D.C. Circuit has issued numerous decisions during the past 20 years that depend upon that jurisdictional analysis to support those decisions. See, e.g., General Electric Uranium Management Corp. v. United States Department of Energy, 764 F.2d 896, 902 (D.C. Cir. 1985); Wisconsin Electric Power Co. v. Department of Energy, 778 F.2d 1, 2-3 (D.C. Cir. 1985); Commonwealth Edison Co. v. United States Department of Energy, 877 F.2d 1042, 1045 (D.C. Cir. 1989). The various D.C. Circuit decisions, in general, appear to split jurisdiction to entertain different matters related to the NWPA, with the United States courts of appeals possessing jurisdiction to entertain some matters and the Court of Federal Claims possessing jurisdiction to entertain others. Other decisions in the Court of Federal Claims have interpreted the judicial review provision in the NWPA in a manner in direct conflict with the interpretation espoused by the D.C. Circuit, as well as the Sixth and Eleventh Circuits. See, e.g., Boston Edison Co. v. United States, 64 Fed. Cl. 167, 179 (2005); Florida Power & Light Co. v. United States, 66 Fed. Cl. 93, 97-98 (2005). Under the rationale of those opinions, and contrary to the

D.C. Circuit, the United States courts of appeals would lack original and exclusive jurisdiction to entertain any matters arising under the section of the NWPA at issue in this case, potentially expanding the Court of Federal Claims' jurisdiction. Finally, in the trial court's opinion on appeal in this case, the trial court adopted a third interpretation of the judicial review provision in the NWPA. Under the rationale of that opinion, the United States courts of appeals would, in general, possess jurisdiction over all matters arising under the NPWA, and the Court of Federal Claims would possess none.

We continue to coordinate our briefing in the PSEG Nuclear appeal and this case, given that the issues raised on appeal and in this Court's briefing order involve significantly overlapping issues. Because of the importance of this jurisdictional issue to all of the SNF cases, we need to ensure that the position that we assert here has been fully analyzed by the appropriate individuals and approved. In light of the direction that was provided to counsel for defendant this morning, counsel for defendant respectfully requests that the Court allow those individuals to complete their analysis and approve the filings that we will make upon the jurisdictional issue. Accordingly, we respectfully request that we be granted until December 23, 2005 – the same day that we have requested the Federal Circuit to permit us to submit our PSEG initial brief – to file our response to the Court's October 14, 2005 order.

For the foregoing reasons, we respectfully request that the Court grant this unopposed motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 307-2503

December 15, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of December, 2005, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.