**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on November 13, 2006)

| | |
|---|---|
| **NEBRASKA PUBLIC POWER DISTRICT,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 01-116C<br>(Judge Allegra) |

**PLAINTIFF'S MOTION FOR CERTIFICATION OF THE COURT'S OCTOBER 31, 2006 OPINION AND ORDER FOR INTERLOCUTORY APPEAL**

Plaintiff Nebraska Public Power District ("NPPD"), through the undersigned counsel, respectfully files this motion for certification of the Court's October 31, 2006 Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2). In particular, NPPD seeks interlocutory review of the Court's ruling that the U.S. Court of Appeals for the District of Columbia Circuit's (the "D.C. Circuit") partial writ of mandamus in Northern States Power Co. v. Dep't of Energy, 128 F.3d 754 (D.C. Cir. 1997) ("Northern States"), is "void" and does not preclude Defendant (the "Government") from arguing in this case that it is not liable for breach of contract under the "Unavoidable Delays" clause of the Standard Contract. October 31, 2006 Opinion and Order at 32. Under 28 U.S.C. § 1292(d)(2), "when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order."

A ruling of this Court that the D.C. Circuit's partial writ of mandamus on the "Unavoidable Delays" defense is void satisfies the above-stated criteria for interlocutory review under 28 U.S.C. §1292(d)(2). First, the question of whether the D.C. Circuit exceeded its jurisdiction in issuing a partial writ of mandamus in Northern States is a controlling question of law, because it materially affects issues remaining to be decided in this Court. In particular, currently pending before the Court is NPPD's November 6, 2002 motion for summary judgment on the Government's liability for partial breach of the Standard Contract. A decision from the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") that affirms or reverses the Court's ruling on the D.C. Circuit's authority to issue a partial writ of mandamus in Northern States could significantly alter the litigation of this case, especially with respect to the Government's liability for partial breach of the Standard Contract. As the Court is aware, there is no factual dispute between the parties regarding the Department of Energy's ("DOE") failure to begin accepting spent nuclear fuel by January 31, 1998 as required under the Standard Contract. Thus, if the Government is indeed unable to rely on the "Unavoidable Delays" clause, it would be liable for breach of contract consistent with the Federal Circuit's ruling in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000), and rulings on liability in virtually every other spent nuclear fuel damages case.

Second, for reasons set forth in NPPD's July 12, 2006 and July 31, 2006 briefs, there is a substantial ground for difference of opinion regarding the D.C. Circuit's authority to issue a partial writ of mandamus precluding the Government's reliance on an "Unavoidable Delays" defense. NPPD respectfully submits that the D.C. Circuit's holding in Northern States and subsequent decisions of the D.C. Circuit and Federal Circuit relying on that decision are diametrically opposed to the Court's October 31, 2006 Opinion and Order.

Furthermore, an appeal will materially advance the ultimate termination of the instant litigation, because a Federal Circuit ruling would likely clarify once and for all the appropriate forum for resolution of whether the Government may rely on an interpretation of the Standard Contract's "Unavoidable Delays" clause to contravene the unconditional statutory obligation to begin acceptance of spent nuclear fuel by January 31, 1998 as mandated by the Nuclear Waste Policy Act ("NWPA"). A decision from the Federal Circuit regarding this defense could also materially alter the parties' litigation of the dozens of other spent nuclear fuel damages cases pending before this Court. In several of those cases, formal rulings on the Government's liability have not yet been issued. It would be a waste of this Court's and the parties' resources in those cases to litigate the plaintiff utilities' breach of contract claims further without a definitive ruling on the availability of an "Unavoidable Delays" defense to the Government.

## CONCLUSION

At a minimum, the Court's October 31, 2006 Opinion and Order calls into question the jurisdiction of the D.C. Circuit and the regional circuit courts of appeals over agency actions involving Title III of the NWPA. Thus, for the foregoing reasons, NPPD respectfully requests that the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(d)(2), its October 31, 2006 Opinion and Order that the D.C. Circuit's partial writ of mandamus in Northern States is "void."

Dated: November 13, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Nebraska Public Power District

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)