# In The United States Court of Federal Claims

No. 01-116C

(Filed: December 19, 2006)

__________

| | | |
|---|---|---|
| NEBRASKA PUBLIC POWER DISTRICT, | * | Motion to certify case for interlocutory appeal; Spent nuclear fuel case; Prior ruling that mandamus issued in *Northern States* is void and that briefing on the unavoidable delays clause should occur; 28 U.S.C. § 1292(d)(2); Controlling question of law; Substantial ground for difference of opinion; Whether certification would materially advance termination of litigation; Grounds for interlocutory appeal found to exist; Motion granted. |
| Plaintiff, | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

__________

**ORDER**

__________

*Alexander D. Tomaszczuk,* Pillsbury, Winthrop, Shaw, Pittman, LLP, Washington, D.C., for plaintiff.

*Harold D. Lester* and *Heide L. Herrmann*, U.S. Department of Justice, Washington, D.C., for defendant, with whom was *Assistant Attorney General Peter D. Keisler.*

**ALLEGRA, Judge:**

On October 31, 2006, the court issued an opinion and order finding the writ of mandamus issued by the Court of Appeals for the Circuit of the District of Columbia in *Northern States Power Co. v. Dept of Energy*, 128 F.3d 754 (D.C. Cir. 1997) to be void for want of jurisdiction, and ordering defendant to brief its arguments regarding the "unavoidable delays" clause of the Standard Contract. *See Nebraska Public Power District v. United States*, 73 Fed. Cl. 650 (2006). On November 13, 2006, plaintiff filed a motion seeking to have the court amend its October 31, 2006, opinion and order to certify them for interlocutory appeal. On December 11, 2006, defendant filed its response, stating that it was unopposed to plaintiff's motion.

Regarding interlocutory appeals, 28 U.S.C. § 1292(d)(2) provides, in relevant part –

> When any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for

> the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2). It is well-accepted that interlocutory appeals under this section are reserved for "exceptional" or "rare" cases and should be authorized only with great care. *See AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States*, 68 Fed. Cl. 663, 665 (2005); *Marriott Int'l Resorts, L.P. v. United States*, 63 Fed. Cl. 144, 145 (2004); *Testwuide v. United States*, 56 Fed. Cl. 755, 766 (2003).

Section 1292(d)(2) provides a three-pronged test for certification: (i) there must be a "controlling question of law . . . involved;" (ii) there must be a "substantial ground for difference of opinion" regarding that controlling question of law; and (iii) "immediate appeal . . . may materially advance the ultimate termination of the litigation[.]" *See Aleut Tribe v. United States,* 702 F.2d 1015, 1019 (Fed. Cir. 1983); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 446 (2005). This standard "is 'virtually identical' to the statutory standard of certification utilized by the United States district courts [under 28 U.S.C. § 1292(b)]." *Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003); *see also United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1065 (1984). The legislative history of section 1292(b) emphasizes that while interlocutory appeals should not give rise to "groundless appeals and piecemeal litigation," they may be used to "avoid unnecessary delay and expense." Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, *reprinted in* 1958 U.S.C.C.A.N. at 5260-61; *see also Northrop Corp. v. United States*, 27 Fed. Cl. 795, 799 (1993); *Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 162 (2005). The decision whether to certify an appeal is committed to the sound discretion of the trial judge. *See Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 698 (9th Cir. 1977); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir. 1967). Exercising that discretion, the court finds that all the requirements for interlocutory appeal are satisfied here.

The first criterion requires that the decision must involve "a controlling question of law." 28 U.S.C. § 1292(d)(2). Questions are "controlling" when they "materially affect issues remaining to be decided in the trial court." *Marriott Int'l Resorts*, 63 Fed. Cl. at 145; *see also Klamath*, 69 Fed. Cl. at 162; *Jade Trading,* 65 Fed. Cl. at 447; *Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673, 686 (1998). In some ways, the court's ruling is independently controlling, at least insofar as it requires defendant to file briefs that, in one sense, are appropriately filed only if the mandamus is void. Although it aggressively argued in favor of being allowed to file these briefs, defendant, understandably, would like confirmation that the mandamus is void before it embarks on this course. In other ways, the question whether defendant properly may present a defense based upon the "unavoidable delays" clause materially affects the court's resolution of the merits of that potentially important issue. In either event, the court believes that the first criterion for an interlocutory appeal is fully satisfied here.

The second criterion concerns whether "there is a substantial ground for difference of opinion" on the controlling question of law. 28 U.S.C. § 1292(d)(2); *Marriott Int'l Resorts,* 63 Fed. Cl. at 146. The Federal Circuit has held that one basis for this "substantial ground for difference" may be two different, but plausible, interpretations of a line of cases. *See Vereda,*

*LTDA. v. United States*, 271 F.3d 1367, 1373-74 (Fed. Cir. 2001). As described in *Klamath*, 69 Fed. Cl. at 163, other cases have held this criterion to be satisfied where analysis reveals an intercircuit conflict, *see Marriott Int'l Resorts*, 63 Fed. Cl. at 146, an intracircuit conflict, a conflict between an earlier circuit precedent and a later Supreme Court case, *see Ins. Co. of the West v. United States*, 1999 WL 33604131 at *4 (Fed. Cl. 1999), or, at the least, a substantial difference of opinion among the judges of this court, *see Hermes Consol., Inc. v. United States*, 58 Fed. Cl. 409, 419-20 (2003), *rev'd on other grounds*, 405 F.3d 1339 (Fed. Cir. 2005). To be sure, this court believes that its prior ruling flows from the controlling precedents of the Federal Circuit. Moreover, many of the jurisdictional points addressed by this court were discussed in neither *Indiana Michigan Power Co. v. United States*, 88 F.3d 1272, 1274 (D.C. Cir. 1996) nor *Northern States*, *supra*. Yet, as previously noted, *see*, *e.g.*, *Nebraska Public Power*, 73 Fed. Cl. at 668, there is a healthy tension not only between the D.C. Circuit's mandamus ruling and that court's prior precedents, but also between some rulings of the Federal and D.C. Circuits. Mindful of the implications, this court is hesitant to characterize those tensions as giving rise to full blown intracircuit or intercircuit conflicts. Nonetheless, the state of the law is such that there plainly are "substantial grounds for difference opinion" that warrant further explication by the Federal Circuit.

Finally, the court must consider whether certification of the controlling legal issue "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). "Whether interlocutory review of this question would materially advance the resolution of this case," this court has stated, "depends in large part on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (Fed. Cl. 2001) (*quoting Northrop*, 27 Fed. Cl. at 801); *see also Klamath*, 69 Fed. Cl. at 163-64. In the case *sub judice*, it again makes eminent sense to seek appellate confirmation as to whether the unavoidable delays argument should be presented before proceeding to what might be a complicated resolution of that issue (one that, indeed, might require a trial). In the court's view, resolution of the issue presented potentially impacts all of the dozens of spent nuclear fuel cases pending before this court. An interlocutory appeal of this court's ruling thus will materially advance not only this case, but those other cases, as well.

Because the three requirements for certification are met, plaintiff's unopposed motion is hereby **GRANTED**. Accordingly:

1. Part III. of the court's October 31, 2006, opinion and order is amended to add the following additional paragraph:

   "4. Because this opinion and order involve a controlling question of law with respect to which there is a substantial ground for difference of opinion, and an immediate appeal from this order would materially advance the ultimate termination of the litigation, the court certifies the issue to the United States Court of Appeals for the Federal Circuit for its consideration whether to permit an appeal to be taken from this order should a timely application be made to that court."

2. This case is stayed pending further order of the court. Plaintiff shall file a status report within ten days of any action on its application by the Federal Circuit.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge